Robert Y. Lewis (Kansas Bar No. 26985)
Email: robertlewis@marsh.law

**MARSH LAW FIRM PLLC**
309 N. Main Street, Suite 10
Garden City, KS 67846
Tel.: (620) 290-9084
Fax: (833) 210-3336

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| "KIERA", "ERIN", "FIONA", "JENNY", "ERIKA", "TORI", "ANNA", "LILY", "SARAH", "HENLEY", "JANE DOE" as conservator for "SAVANNAH", a protected person, and for "SKYLAR" a minor, "JOHN DOE" as conservator for "SALLY", "MYA", "AVA", and "JANE ROE" as next friend for "PIA", a minor,<br><br>Plaintiffs,<br><br>v.<br><br>ALAN NOLTENSMEYER,<br><br>Defendant. | Case No: _____<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiffs, on their own behalf or by their next friends or conservators, and through their attorney of record Robert Y. Lewis of the Marsh Law Firm PLLC allege for their complaint against Defendant Alan Noltensmeyer as follows:

**NATURE OF THE ACTION**

1. This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statute 18 U.S.C. §§ 2252 (a)(4)(B) and (b)(2) and 18 U.S.C. §§ 2252 (a)(2) and (b)(1).

2. 18 U.S.C. § 2255(a) allows victims of child pornography crimes to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court deems appropriate.

## PARTIES

3. "Kiera" is an adult and resides outside of the District of Kansas.
4. "Kiera" is a pseudonym for the victim depicted in the "BluesPink3" child pornography series.
5. "Erin" is an adult and reside outside of the District of Kansas.
6. "Erin" is a pseudonym for the victim depicted in the "BluesPink2" child pornography series.
7. "Erika" is and adult and resides outside of the District of Kansas.
8. "Erika" is a pseudonym for the victim depicted in the "PinkHeartSister1" child pornography series.
9. "Tori" is an adult and resides outside of the District of Kansas.
10. "Tori" is a pseudonym for the victim depicted in the "PinkHeartSister2" child pornography series.
11. "Jenny" is an adult and resides outside of the District of Kansas.
12. "Jenny" is a pseudonym for the victim depicted in the "Jenny" child pornography series.
13. "Fiona" is an adult and resides outside the District of Kansas.
14. "Fiona" is a pseudonym for a victim depicted in "BluesPink1" child pornography series.
15. "Anna" is an adult and resides outside the District of Kansas.

16. "Anna" is a pseudonym for a victim depicted in "MiddleModelSister" child pornography series.

17. "Lily" is an adult and resides outside the District of Kansas.

18. "Lily" is the pseudonym for the victim depicted in the "Vicky" child pornography series.

19. "Sarah" is an adult and resides outside the District of Kansas.

20. "Sarah" is the pseudonym for the victim depicted in the "Marineland1" child pornography series.

21. "Henley" is an adult and resides outside the District of Kansas.

22. "Henley" is the pseudonym for the victim depicted in the "BluePillow1" child pornography series.

23. "Jane Doe" is the mother and court appointed conservator for "Savannah", who is a protected person and resides outside of the District of Kansas.

24. "Savannah" is the pseudonym for the victim depicted in the "Jan_Socks2" child pornography series.

25. "Jane Doe" is also the mother and court appointed conservator for "Skylar", who is a minor and resides outside the District of Kansas.

26. "Skylar" is the pseudonym for the victim depicted in the "Jan_Socks3" child pornography series.

27. "John Doe" is the father and court-appointed conservator for "Sally", who is a minor and resides outside the District of Kansas.

28. "Sally" is the pseudonym for the victim depicted in the "Jan_Socks4" child pornography series.

29. "Mya" is an adult and resides outside the District of Kansas.

30. "Mya" is the pseudonym for the victim depicted in the "Sweet Pink Sugar" child pornography series.

31. "Ava" is an adult and resides outside the District of Kansas.

32. "Ava" is the pseudonym for the victim depicted in the "Sweet Purple Sugar" child pornography series.

33. "Jane Roe" is a pseudonym for Pia's mother and Jane Roe acts as Next Friend for Pia. "Pia" is a minor and resides outside the District of Kansas.

34. "Pia" is the pseudonym for the victim depicted in the "Sweet White Sugar" child pornography series.

35. Each Plaintiff was sexually abused as a child and that sexual abuse is depicted in images of child pornography seized from Defendant's possession.

36. Defendant Alan Noltensmeyer [hereinafter "Defendant"] is an adult who, upon information and belief, resides within the District of Kansas or has resided within the District of Kansas at all times material to the acts alleged herein.

## JURISDICTION AND VENUE

37. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

38. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where, on information and belief, the Defendant resided at the time of the offenses alleged herein and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTS

## The Defendant Was Convicted of Possession of Child Pornography in Violation of 18 U.S.C. § 2252(a)(4)(B).

39. Defendant was charged in the United States District Court, District of Kansas, in the matter denominated *United States v. Alan Noltensmeyer,* [DKS] Case No. [2:19.cr.20065], with the crime of Possession of Child Pornography in violation of 18 USC § 2252(a)(4)(B). This crime was alleged to have been committed on or about September 21, 2015.

40. On April 8, 2021, Defendant pleaded guilty to Possession of Child Pornography, in violation of 18 USC § 2252(a)(4)(B), as charged, and was sentenced by judgment entered on April 8, 2021.

41. The judgment ordered Defendant to pay restitution to each Plaintiff.

## Plaintiffs are Victims of Defendant's Crime of Possession of Child Pornography

42. Plaintiffs have each elected to receive notices via the United States Department of Justice Victim Notification System (VNS) which alerts them when they are victims in investigations conducted by federal law enforcement agencies.

43. On information and belief, analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on the Defendant's computer to child pornography images of Plaintiffs in NCMEC's database and notified the government of its findings in a CVIP ("Child Victim Identification Report").

44. On November 22, 2019, each Plaintiff received notice from VNS that her child pornography images was among those possessed by Defendant in violation of federal child pornography law.

## CLAIM FOR RELIEF

### Civil Remedy under 18 U.S.C. § 2255(a)

45. Plaintiffs repeat and re–allege all prior paragraphs.

46. Title 18, U.S.C. section 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who, while a minor, is a victim of a violation of 18 U.S.C. § 2252 and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

47. Defendant pleaded guilty to the predicate federal child pornography crime found at 18 U.S.C. § 2252(a)(4)(B).

48. 18 U.S.C. § 2252(a)(4)(B) provides that any person commits a federal crime who:

> knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or
> facility of interstate commerce or in or affecting interstate or foreign commerce, or which was produced using material which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.

49. Each Plaintiff is a victim of Defendant's violation of 18 U.S.C. § 2252(a)(4)(B).

50. Each Plaintiff elects liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

51. Plaintiffs are not seeking "actual damages," an option provided to them under 18 U.S.C. § 2255.

## RELIEF REQUESTED

WHEREFORE, Each Plaintiff requests judgment against Defendant as follows:

52. Liquidated damages in the amount of $150,000 pursuant to 18 U.S.C. § 2255(a);

53. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

54. Litigation costs pursuant to 18 U.S.C. § 2255(a);

55. Pre-judgment and post-judgment interest;

56. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

DATED this 10th day of May, 2023.

**MARSH LAW FIRM PLLC**

/s/ Robert Y. Lewis
By Robert Y. Lewis (Kansas Bar No. 26985)
Email: robertlewis@marsh.law
309 N. Main Street, Suite 10
Garden City, KS 67846
Tel.: (620) 290-9084

*Attorney for Plaintiffs*