Robert Y. Lewis (Kansas Bar No. 26985)
Email: robertlewis@marsh.law
**MARSH LAW FIRM PLLC**
309 N. Main Street, Suite 10
Garden City, KS 67846
Tel.: (620) 290-9084
Fax: (833) 210-3336

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| "KIERA", "ERIN", "FIONA", "JENNY", "ERIKA", "TORI", "ANNA", "LILY", "SARAH", "HENLEY", "JANE DOE" as conservator for "SAVANNAH", a protected person, and for "SKYLAR" a minor, "JOHN DOE" as conservator for "SALLY", "MYA",  "AVA", and "JANE ROE" as next friend for "PIA", a minor,<br><br>                          Plaintiffs,<br><br>v.<br><br>ALAN NOLTENSMEYER,<br><br>                          Defendant. | Case No: 6:23-cv-01085<br><br>**PLAINTIFFS' MOTION TO PROCEED WITH PSEUDONYMS, MEMORANDUM OF POINTS AND AUTHORITIES** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF RELIEF REQUESTED**

Plaintiffs, through their attorney of record Robert Y. Lewis of the Marsh Law Firm

PLLC, move this Court for an order allowing them to proceed in the above-captioned matter

using pseudonyms.

Plaintiffs make this request to protect themselves from harassment, injury, ridicule and

personal embarrassment.

## II. FACTS RELEVANT TO MOTION

The matter before the Court comes on Plaintiffs' claims for civil damages against a criminal defendant who has been convicted of possessing their images. As set forth in the complaint Plaintiffs are the subjects of several series of child pornography videos and images. These images, which ground the claims, are highly personal, intimate, and humiliating to  each Plaintiff.

Each Plaintiff, when a young child, was sexually abused, and forced to commit a myriad of sexual acts by their abusers. In each case, the sexual abuse was photographed and/or videoed, and the resulting images distributed and traded on the Internet among pedophiles and child pornography enthusiasts. Counsel for Plaintiffs continue to receive notices from the FBI and various United States Attorney offices around the country that the images grounding this complaint continue to this day to be traded on the Internet. Each Plaintiff has been notified by the federal government that she is a victim of Defendant Noltensmeyer's criminal offense.

From approximately six to eight years old, Plaintiff Jenny was sexually molested and assaulted by an adult man. Jenny was repeatedly raped and forced to perform fellatio on an adult man. Jenny was also bound and forced to perform sexual acts on an animal. The abuser forced Jenny to watch child pornography to groom her for sexual exploitation. The sexual abuse of Jenny was digitized for distribution on the Internet. The ongoing victimization of Jenny from the continued collection and distribution of her images will last throughout her entire life.

Plaintiff Kiera was a victim of sexual abuse and child pornography by an adult male relative. The abuse began when she was nine years old and ended when she entered puberty around the age of twelve. The abuse included the adult male relative touching her, rubbing his erection against her backside and masturbating against her. The sexual abuse material was placed

on the Internet, along with identifying information about Kiera. These images remain on the Internet and are regularly downloaded by persons interested in the sexual abuse of children. The ongoing victimization of Kiera from the continued collection and distribution of her images will last throughout her entire life.

Plaintiffs Erin and Fiona are sisters who were sexually abused by an adult male relative and by an adult male family friend. Erin was five to eight years old and Fiona six to seven years old when the abuse occurred. Fiona was sedated with prescription sleep medication and sexually assaulted by an adult male relative and by an adult male family friend. The adult male family friend would travel to the home of Erin and Fiona where he and the adult male relative repeatedly sexually assaulted the children  to produce child pornography. The images of their abuse memorialize Erin and Fiona being forced to endure sexually explicit acts. The ongoing victimization of Erin and Fiona from the continued collection and distribution of their images will last throughout their entire lives.

Plaintiffs Erika and Tori are sisters who were repeatedly raped and sexually assaulted by an adult male relative to produce child pornography. The adult male relative would abuse them and would travel with Erika and Tori to allow other adult men to abuse them and produce child pornography. The ongoing victimization of Erika and Tori from the continued collection and distribution of their images will last throughout their entire life.

Plaintiff Anna was four years old when she was sexually abused by an adult male relative for the purposes of creating child pornography. In several images, Anna appears to be sleeping while the abuse is occurring. The adult male relative is seen vaginally and digitally penetrating her as well as engaging in oral copulation. The series depicts close-up images of the Anna's genitalia. In many images, the offender's exposed erect penis is seen near the Anna's face or

body. The ongoing victimization of Anna from the continued collection and distribution of her images will last throughout her entire life.

Plaintiff Lily was sexually abused from the age of ten to eleven in several scripted and costumed vignettes, which have included graphic sex as well as bondage. She has been stalked on the Internet and through email by apparent pedophiles and child pornography enthusiasts who have propositioned her and made lewd inquiries of her. One such stalker was convicted in the United States District Court of Nevada of transporting her images and stalking her. (See Judgment in *United States v. Gregory Hoffman,* USDC Nev. No. 08-CR-00027, attached as Exhibit 1 to Declaration of Carol L. Hepburn.)

On the Internet today are blogs in which child pornography consumers debate various issues related to Lily's sexual abuse and performance in these videos. The postings are crass and disgusting and include speculation as to whether, as a ten-year old child, she enjoyed having forced sex with an adult male. *See* copies of redacted blogs attached as Exhibit 2 to Declaration of Carol L. Hepburn.) When, years ago, Lily briefly spoke publicly about the videotaped rape and sexual exploitation which she suffered, she was contacted by four separate individuals who sought to communicate with her about the images of her abuse; one even apparently tried to send her pornographic images. She now makes every effort to maintain her anonymity.

When Plaintiff Sarah was four to eleven years old, she was sexually abused and exploited. Sarah was forced to endure sexual contact and penetration with an adult male and bestiality to produce child pornography images and videos. These images and videos were produced for mass distribution and sold for money over the Internet and are still widely distributed to this day. The ongoing victimization of Sarah from the continued collection and distribution of her images will last throughout her entire life.

PLAINTIFFS' MOTION TO PROCEED WITH
PSEUDONYMS, MEMORANDUM OF POINTS
AND AUTHORITIES - 4

Plaintiff Henley was five years old when she was first groomed for a pattern of sexual abuse that lasted seven years and involved still and videotaping of the sexual abuse.  She suffers fear, anxiety attacks, hyper-vigilance, and struggles to maintain her anonymity.  Her emotions are volatile and unpredictable.  The ongoing victimization of Henley from the continued collection and distribution of her images will last throughout her entire life.

Plaintiffs Skylar, Savannah, and Sally, all sisters, were forced from a young age by adults to have sexual encounters including digital and penile penetration and oral copulation with an adult male and minor male to produce child pornography images and videos. Skylar, Savannah, and Sally, each have and will continue to suffer personal injury from the ongoing distribution and possession of their child pornographic images.

Pia, Mya, and Ava are sisters who were sexually abused by an adult male. Pia was approximately three or four years old when the abuse began; her sisters Mya and Ava were approximately five or six years old, respectively. The abuse continued over several years. The children were groomed and encouraged to engage in sexual acts for and with an adult male who recorded and shared the images of their sexual abuse with others. The images include photographs and videos of the children in the nude, in provocative poses, and being sexually assaulted.

Plaintiffs have suffered greatly as forced subjects of these widely circulated images and videos.  Their psychological damages include hyper-vigilance,  paranoia, fear and anxiety. They have had varying bouts of severe depression and anger, among many other psychological maladies.

Plaintiffs' conservators and next friends, Jane Doe, Jane Roe, and John Doe request to use pseudonyms to protect the confidentiality of the identity and location of their children Anna, Skylar, Savannah, Pia and Sally, respectively.

### III.    ISSUES PRESENTED

Whether the Plaintiffs' need for anonymity outweighs any prejudice to Defendant. If so, whether it is appropriate to allow Plaintiffs to proceed via pseudonyms.

### IV.    EVIDENCE RELIED UPON

1.    The Declaration of James R. Marsh;

2.    The Declaration of Carol L. Hepburn; and

3.    The Declaration of Deborah A. Bianco.

### V. ARGUMENT

The Federal Rules of Civil Procedure do not explicitly authorize, nor absolutely prohibit, the use of fictitious names by plaintiffs or other parties. In *Raiser v. Church of Jesus Christ of Latter-Day Saints*, No. 05-4120, 2006 WL 1484920 (10th Cir. May 31, 2006) (unpublished), the Tenth Circuit recognized that there is a public benefit in allowing some litigants to proceed anonymously. The *Raiser* court adopted the standard set in *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir.1992),  and declared "that in certain 'exceptional circumstances' the need for anonymity outweighs the presumption in favor of open court proceedings." *Id.* Exceptional circumstances exist if the case involves matters of a "highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [plaintiff's] identity." *Id*. (quotation omitted).

### A.    HIGHLY SENSITIVE AND PERSONAL NATURE

Sexual abuse of a minor is a matter of a "highly sensitive and personal nature" such that it may justify allowing plaintiffs alleging they were victims of such acts to proceed under pseudonyms. *See Casseaopeia v. Brown*, No. 2:22-CV-00251, 2022 WL 1606520, at *2 (D. Utah May 20, 2022). Even where parties who were sexually abused as minors have reached the age of majority, courts have found it appropriate to preserve their anonymity. *See e.g.*, *Doe v. USD* No. 237, No. 16-cv-2801-JWL-TJJ, 2017 WL 3839416 (D. Kan. Sept. 1, 2017) (unpublished). The same holds true for conservators and next friends whose identities could expose the victims' identities and locations (thereby exposing the victims to further harm). *M.T. v. Olathe Pub. Sch. USD 233*, No. 17-2710-JAR-GEB, 2018 WL 806210 (D. Kan. Feb. 9, 2018) (unpublished).

Plaintiffs are victims who were harmed by this Defendant's possession of their child sex abuse images. Each Plaintiff asserts that she was the victim of sexual abuse as a child, which was recorded and distributed over the Internet.  A lawsuit of a more highly personal and sensitive nature can hardly be imagined.  Disclosure of their identities disclosed to the public at large in this action creates real risk of harassment, injury, ridicule or personal embarrassment, thus exacerbating the harm they suffer from the ongoing distribution of their images, the very harm upon which they sue.  That risk to Plaintiffs far outweighs the public interest in open litigation. .

Congress and the American people have recognized the fundamental affront to human dignity and personal privacy that child pornography represents and have chosen through public policy to make possession, distribution, receipt, transportation, and production of child sex abuse images punishable by significant criminal penalties. The mere receipt of such images subjects an individual to a mandatory minimum federal prison sentence of five years. 18 U.S.C. § 2252A(a)(2). Such public policy determinations support a finding that the current litigation

involves matters that are highly sensitive and personal in nature and of the utmost intimacy so that Plaintiffs deserve the protection provided by proceeding under a pseudonym.

### B. VULNERABILITY TO RETALIATION

For all of the above reasons and as previously discussed, each of the victims are particularly vulnerable to retaliation. Current discourse on the internet between consumers of child sex abuse imagery includes specific focus on at least two of the Plaintiffs herein, speculation about their physical whereabouts, their appearance, and their vocations.  There is no benign reason for any consumer of child pornography to be interested in these matters concerning the victims in this matter.

### C. ABSENCE OF PREJUDICE TO THE DEFENDANT

A defendant's status is an important factor in determining whether to permit a plaintiff to proceed anonymously. Unlike a defendant in most civil suits, this Defendant has pleaded guilty to  felonious acts, which form the basis for the action. Defendant's conviction for criminal acts against Plaintiffs collaterally estops him from challenging the factual basis for this lawsuit. 18 U.S.C. § 3664(l). Defendant is, in law and in fact, guilty of acts against Plaintiffs, which indubitably result  civil liability.

Plaintiffs are not strangers to Defendant. His possession of their child pornographic images is the reason he is being sued.  Defendant will not be prejudiced by not knowing Plaintiffs' true identities because the underlying facts, that is, his possession of their images, have already been judicially determined and are indisputable.

Knowing Plaintiffs' identities does nothing to advance the Defendant's case. The salient facts at issue concern their injuries, which are well documented. Although Defendant may believe that he has legal defenses, his ability to assert such defenses is in no way impeded by not knowing their legal names.

Although Plaintiffs are widely known within the child pornography consumer community by their series names and pseudonyms, they are not public figures. Their rape and sexual exploitation, and their continued victimization through distribution of child pornography images thrust them into the child pornography community totally against their wishes. There is little to be practically gained simply from knowing their legal names.

## D. PUBLIC INTEREST

The public interest in this litigation, if any, will not be furthered or enhanced by knowing Plaintiffs' legal identity.

There is nothing about Plaintiffs' identity, which is significant or newsworthy. On the contrary, their stories and any media coverage of their efforts to obtain restitution would be based solely on the public knowing them as "Kiera", "Erin", "Fiona", "Jenny", "Erika", "Tori", "Anna", "Lily", "Sarah", "Henley", "Savannah", "Sally", "Skylar", "Pia", "Mya", and "Ava". In terms of the media's ability to cover this litigation, allowing Plaintiffs to proceed under pseudonyms is preferable to closing the courtroom or sealing the record since the facts and the record can be publicly revealed without further harming them.

Other than closing the courtroom or sealing the record, there is no easily implemented alternative mechanism for protecting Plaintiffs' confidentiality. Proceeding under a pseudonym enhances the public's ability to participate in litigation by obviating the need to seal or otherwise

PLAINTIFFS' MOTION TO PROCEED WITH
PSEUDONYMS, MEMORANDUM OF POINTS
AND AUTHORITIES - 9

restrict documents and court proceedings. There is nothing in the underlying criminal case or the materials submitted in the civil case, which will likely lead the public to discover Plaintiffs' identities. Allowing them to proceed under pseudonyms properly balances their need for anonymity against countervailing interests in full public disclosure. It also provides other victims with some comfort that they can seek appropriate legal redress without fear of disclosure of their identities.

The identities of conservators and next friend should be protected as well so as not to lead to the revelation of the minor Plaintiffs' identities or locations.

## VI. CONCLUSION

There is a fundamental privacy interest, which is violated by the production, distribution, and possession of child pornography. Exposure of victims' legal identities in an action grounded in the possession of their child pornographic images only compounds that violation. For all the above reasons, Plaintiffs respectfully request that this Court allow them to proceed in the above-captioned matter using a pseudonym.

DATED this 10th day of May, 2023.

**MARSH LAW FIRM PLLC**

/s/ Robert Y. Lewis
Robert Y. Lewis (Kansas Bar No. 26985)
Email: robertlewis@marsh.law
309 N. Main Street, Suite 10
Garden City, KS 67846
Tel.: (620) 290-9084
*Attorneys for Plaintiffs*