IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

"KIERA," "ERIN," "FIONA,"
"JENNY," "ERIKA," "TORI,"
"ANNA," "LILY" "SARAH,"
"HENLEY," "JANE DOE" as
conservator for "SAVANNAH,"
a protected person, and for
"SKYLAR" a minor, "JOHN DOE"
as conservator for "SALLY,"
"MYA," "AVA," and
"JANE ROE" as next friend
for "PIA," a minor,

    Plaintiffs,

v.                 Case No.  23-1085-JWB

ALAN NOLTENSMEYER,

    Defendant.

**ORDER**

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiffs move for a default judgment with an award of liquidated damages for each of the 16 Plaintiffs as well as reasonable attorneys' fees and litigation costs.  Under 18 U.S.C. § 2255(a), a court can award "liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred."  § 2255(a).  Here, Plaintiffs request liquidated damages of $150,000 each, for a total award of $2,400,000, and $17,194 in attorney's fees, and $1,026 in litigation costs. (Doc. 10 at 9–10.)  The court considers each request herein.

On September 18, 2023, the clerk entered a default judgment against Defendant Noltensmeyer (Doc. 9).  However, the court, and not the clerk, must enter a default judgment

1

award that includes attorneys' fees which are not yet calculated because their reasonableness still needs to be determined.  *See United States v. Hardage*, 985 F.2d 1427, 1438 (10th Cir. 1993).

Section 2255(a) permits each Plaintiff to recover actual damages or liquidated damages of $150,000.  *See* § 2255(a).  Because of the clerk's Default Judgment (Doc. 9) and in accordance with § 2255(a), the court awards to each of the 16 plaintiffs liquidated damages in the amount of $150,000, for a total award of $2,400,000.

Section 2255(a) also permits the recovery of reasonable attorneys' fees and litigation costs. *See* § 2255(a).  Here, Plaintiffs request $17,194 in attorney's fees and $1,026 in litigation costs. In support of the motion for reasonable attorneys' fees and costs, Plaintiffs submitted the Declaration of lead-attorney Robert Y. Lewis, along with a spreadsheet identifying the lawyers and para-professionals for which fees are being sought, the hours they worked, the tasks they performed, and the requested billing rates.  (*See* Docs. 10-1, 10-2, 10-3.)  The Lewis Declaration also sets forth the relevant experience of the lawyers and para-professionals to justify the requested hourly rates.  (*See* Doc. 10-1 at 2–3, 6–9.)

Plaintiffs arrived at the requested lodestar amount of $17,194 by multiplying 38 hours of attorney time at hourly rates of either $425 or $475, and adding to that product the value of 13 hours of paralegal and law clerk time at hourly rates of either $125 or $150.  (Doc. 10 at 9.) Plaintiffs' attorneys, who work in New York, Seattle, and California, adjusted their hourly rates downward to accurately reflect hourly legal rates in Kansas.  (Doc. 10 at 7.)  The lodestar of $17,194 reflects an attorney fee amount of $1,064 per Plaintiff.

Plaintiffs also request litigation costs totaling $1,026.  The total includes a filing fee of $402, purchase of a plane ticket for $386 for necessary travel to Kansas City from Seattle and back

2

for evidence review, $179 for a hotel room in Kansas City, and $59 for caselaw research. (Doc. 10 at 9.)

Upon review of the Motion and the Lewis Declaration, the Court finds that the requested attorneys' fees of $17,194 and costs of $1,026 are reasonable. Therefore, (Doc. 10) Motion for Default Judgment is granted, and a default judgment is entered against Defendant as follows:

(1) $150,000 in liquidated damages as to each Plaintiff, for a total of $2,400,000.

(2) Reasonable attorneys' fees of $17,194.

(3) Costs of $1,026.

IT IS SO ORDERED. Dated this 17th day of November, 2023.

                                                     ____s/ John W. Broomes_____
                                                     JOHN W. BROOMES
                                                     UNITED STATES DISTRICT JUDGE